**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN THE MATTER OF EPD
INVESTMENT COMPANY, LLC, and
JERROLD S. PRESSMAN,

*Debtors.*

POSHOW ANN KIRKLAND,
individually and as Trustee of the
Bright Conscience Trust Dated
September 9, 2009,

*Appellant*,

v.

JASON M. RUND, Chapter 7 Trustee;
JOHN C. KIRKLAND, an individual,

*Appellees.*

No. 14-55740

D.C.
No. 2:13-cv-
09023-SJO

IN THE MATTER OF EPD INVESTMENT COMPANY, LLC, and JERROLD S. PRESSMAN,

*Debtors.*

JOHN C. KIRKLAND, an individual,

*Appellant*,

v.

JASON M. RUND, Chapter 7 Trustee,

*Appellee.*

No. 14-56478

D.C. No. 2:13-cv-08768-SJO

OPINION

Appeals from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted
April 8, 2016—Pasadena, California

Filed May 9, 2016

Before: Barry G. Silverman and Susan P. Graber, Circuit Judges, and Jennifer A. Dorsey,[*] District Judge.

Opinion by Judge Silverman

---

[*] The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

## SUMMARY[**]

---

### Bankruptcy / Arbitration

The panel affirmed the district court's decision affirming the bankruptcy court's denial of a motion to compel arbitration in a bankruptcy trustee's adversary proceeding seeking avoidance of fraudulent transfers.

The panel held that the bankruptcy trustee's fraudulent conveyance, subordination, and disallowance causes of action were core proceedings, thereby giving the bankruptcy court discretion to weigh the competing bankruptcy and arbitration interests at stake. The bankruptcy court properly determined that the arbitration provisions at issue conflicted with the Bankruptcy Code purposes of having bankruptcy law issues decided by bankruptcy courts; of centralizing resolution of bankruptcy disputes; and of protecting parties from piecemeal litigation. Accordingly, the bankruptcy court did not abuse its discretion in denying the motion to compel arbitration.

The panel rejected the argument that the trustee's fraudulent transfer claims were the constitutional equivalent of non-core claims because the defendant had requested a jury trial and had not consented to one before the bankruptcy court.

The panel also agreed with the district court that the bankruptcy trustee was not bound by the arbitration agreements for purposes of the fraudulent transfer claims.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

David M. Axelrad, Steven S. Fleischman, and John F. Querio (argued), Horovitz & Levy LLP, Encino, California, for Appellants Poshow Ann Kirkland, individually and as Trustee of the Bright Conscience Trust dated September 9, 2009, and John C. Kirkland.

Jeffrey I. Golden, Weiland Golden Smiley Wang Ekvall & Strok LLP, Costa Mesa, California, for Appellant John C. Kirkland.

Steven T. Gubner, Corey R. Weber (argued), and Michael W. Davis, Ezra Brutzkus Gubner, Woodland Hills, California, for Appellee Jason M. Rund, Chapter 7 Trustee.

---

**OPINION**

SILVERMAN, Circuit Judge:

At issue in this appeal is whether a bankruptcy court erred in denying a motion to compel arbitration. We hold that it had discretion to decide the motion and that it did not abuse its discretion in denying it. We therefore affirm.

Plaintiff Jason Rund is the Chapter 7 Trustee for the estates of both EPD Investment Co. ("EPD") and Jerrold S. Pressman, whose separately filed bankruptcy cases have been substantively consolidated. Defendant John Kirkland is an attorney who acted as counsel for Pressman and EPD. Defendant Poshow Ann Kirkland is John's wife and the trustee of the Bright Conscience Trust, to which John assigned interests he held in the debtors.

In October 2012, the Trustee filed an adversary proceeding against John and Poshow (as trustee of the trust), seeking to disallow the trust's proofs of claim, and to avoid fraudulent transfers under federal and state law. The Trustee subsequently filed the operative second amended complaint, in which he alleges, among other things, that: (1) EPD operated as a Ponzi scheme and, in mid-2009, stopped making payments to all but a few favored creditors; (2) while acting as counsel for EPD and Pressman, John invested or lent at least $150,000 to EPD; (3) after EPD stopped making payments to creditors, John transferred his interests in EPD to his family trust (the Bright Conscience Trust) and/or his wife as trustee; (4) the trust in turn filed a financing statement against all assets of EPD and Pressman; (5) John knew about the Ponzi scheme and knew that filing the financing statement was a fraudulent conveyance; and (6) John arranged for Pressman, through EPD, to make John's monthly mortgage payments to his lender while John was aware of the Ponzi scheme.

John moved the bankruptcy court to compel arbitration of the adversary proceeding. He argued that he had numerous agreements with EPD and Pressman, each of which included broad arbitration clauses requiring binding private arbitration, and that the Trustee's causes of action fell within the scope of those clauses. He also argued that the Trustee's claims against him were disguised non-core matters; however, he acknowledged that the Trustee's fraudulent transfer claims were statutorily core matters under 28 U.S.C. § 157(b)(2)(H). Notably, John made no argument to the bankruptcy court that, pursuant to some of the agreements, an arbitrator must decide issues of arbitrability. Poshow later joined the motion to compel.

The Trustee raised various arguments in opposition; however, he did not argue to the bankruptcy court that he was not bound by the pre-petition agreements signed by the debtors.

The bankruptcy court denied John's motion to compel arbitration. The bankruptcy court ruled that the Trustee's causes of action were core matters. Applying our decision in *Continental Insurance Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 671 F.3d 1011, 1021 (9th Cir. 2012), the bankruptcy court further ruled that allowing arbitration would conflict with the underlying purposes of the Bankruptcy Code. The bankruptcy court's decision specifically noted that: (1) the Trustee did not challenge the applicability of the arbitration provisions to the claims cited in the complaint; and (2) John acknowledged that claims to recover fraudulent transfers could be characterized as core proceedings.

After the bankruptcy court ruled, John and Poshow appealed the bankruptcy court's decision to the district court, and John moved the bankruptcy court to issue a stay pending appeal.

While his stay motion was pending, John answered the complaint. He demanded a jury trial and argued that the bankruptcy court lacked jurisdiction to adjudicate the Trustee's claims against John because he had neither filed a proof of claim nor consented to jurisdiction. Cognizant that this development might affect the analysis of whether to compel arbitration, the bankruptcy court granted John a stay pending appeal.

The district court affirmed the bankruptcy court. It also addressed for the first time new arguments: (1) from the Trustee, that the arbitration agreements were not enforceable against him; and (2) from John, that his answer transformed the adversary proceeding into a constitutionally non-core matter, which could alter the bankruptcy court's *Thorpe Insulation* analysis.

The district court determined that the Trustee was not bound to arbitrate the fraudulent conveyance claims, because he was asserting claims that either belonged to the estate's creditors or would benefit them, and no creditor had been a party to the arbitration agreement.

The district court further determined that arbitration of the subordination and disallowance claims would conflict with the underlying purposes of the Bankruptcy Code, because resolution of those causes of action would require factual findings closely linked to the Trustee's administration of the estate.

John and Poshow timely appeal.

**Jurisdiction**

We have jurisdiction to review the bankruptcy court's order denying the motion to compel arbitration, 9 U.S.C. § 16(a)(1)(C), as well as the district court's orders affirming the bankruptcy court, 28 U.S.C. §§ 158, 1291.

**Standard of Review**

Generally, we review a bankruptcy court's decision independently and without deference to the district court's

decision. *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). This court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Id.*

"[I]n a core [bankruptcy] proceeding . . . . a bankruptcy court has discretion to decline to enforce an otherwise applicable arbitration provision only if arbitration would conflict with the underlying purposes of the Bankruptcy Code." *In re Thorpe Insulation Co.*, 671 F.3d at 1021. We review de novo whether a bankruptcy court, as a matter of law, has discretion to deny a motion to compel arbitration. *Id.* at 1019–20. If we conclude that the bankruptcy court had discretion, we then review the exercise of discretion only for abuse of discretion. *Id.* at 1020. "When a bankruptcy court considers conflicting policies . . . , we acknowledge its exercise of discretion and defer to its determinations that arbitration will jeopardize a core bankruptcy proceeding." *Ackerman v. Eber (In re Eber)*, 687 F.3d 1123, 1131 (9th Cir. 2012).[1]

---

[1] The *Eber* court wrote that we generally review motions to compel arbitration de novo, explaining that factual findings are reviewed for clear error and legal conclusions de novo. 687 F.3d at 1126. The *Eber* court went on to acknowledge that we defer to a bankruptcy court's exercise of discretion when the bankruptcy court determines that arbitration will jeopardize a core bankruptcy proceeding. *Id.* at 1131. We perceive no conflict between the standards of review announced in *Thorpe* and *Eber* that would affect the outcome in this case because, under both *Thorpe* and *Eber*: (1) questions of law contained in a motion to compel arbitration are reviewed de novo; and (2) the bankruptcy court is entitled to discretion when deciding whether arbitration would conflict with a core bankruptcy proceeding.

### The Bankruptcy Court Did Not Abuse Its Discretion

In this case, the bankruptcy court did not abuse its discretion in denying the Kirklands' motion to compel arbitration. *In re Eber*, 687 F.3d at 1131; *In re Thorpe Insulation Co.*, 671 F.3d at 1020–21.

On de novo review, we agree with the bankruptcy court that the Trustee's fraudulent conveyance, subordination, and disallowance causes of action were core proceedings, thereby giving the bankruptcy court discretion to weigh the competing bankruptcy and arbitration interests at stake. *See* 28 U.S.C. § 157(b)(2)(B), (H); *see also In re Thorpe Insulation Co.*, 671 F.3d at 1021. The bankruptcy court properly applied *Thorpe Insulation* to determine that the arbitration provisions at issue conflicted with Bankruptcy Code purposes of having bankruptcy law issues decided by bankruptcy courts; of centralizing resolution of bankruptcy disputes; and of protecting parties from piecemeal litigation. *See In re Thorpe Insulation Co.*, 671 F.3d at 1022–23.

The bankruptcy court's *Thorpe Insulation* analysis was supported by the record extant at the time the bankruptcy court ruled because the bankruptcy court had supervised the debtors' cases for nearly three years, during which the Trustee filed more than 100 other adversary proceedings with the bankruptcy court.

### *Stern v. Marshall* and Its Progeny Are Inapplicable

John now argues that the Trustee's fraudulent conveyance claims against John are "the constitutional equivalent of non-core claims" because John has requested a jury trial and has

not consented to one before the bankruptcy court.[2]  John argues that, under the Supreme Court's decisions in *Stern v. Marshall*, 564 U.S. 462 (2011), and *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014), the fraudulent conveyance claims against him must now be treated as non-core, which means that the bankruptcy court necessarily lacked discretion to deny his motion to compel arbitration.  We disagree.

As an initial matter, John did not file his answer until after the bankruptcy court had denied his motion to compel.  As a result, the bankruptcy court has never had an opportunity to determine in the first instance whether the fraudulent conveyance claims remain a core proceeding in light of the answer.  *See Exec. Benefits Ins. Agency*, 134 S. Ct. at 2171 ("It is the bankruptcy court's responsibility to determine whether each claim before it is core or non-core.").

In this case, though, that doesn't matter because John's answer did not take the Trustee's fraudulent conveyance causes of action outside the analytical paradigm that this court established in *Thorpe Insulation*.

The Trustee's fraudulent conveyance claims against John remain statutorily core, *see Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 565 (9th Cir. 2012), *aff'd*, *Exec. Benefits Ins. Agency*, 134 S. Ct. 2165, meaning that Congress has identified that type of claim as one that historically fell within the scope of the

---

[2] Poshow filed a proof of claim on behalf of the trust and has, accordingly, consented to bankruptcy court jurisdiction.  *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1949 (2015) (bankruptcy courts may decide *Stern* claims submitted to them by consent).

bankruptcy court's power. *See Exec. Benefits Ins. Agency*, 134 S. Ct. at 2171 n.7. *Stern* and its progeny simply recognize that sometimes the bankruptcy court's statutory authority to decide a core matter must give way when that interest conflicts with a non-creditor's *constitutional* right to entry of a *final* judgment by an Article III adjudicator. *See id.* at 2172 ("*Stern* made clear that some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy court in the manner designated by § 157(b)."); *In re Bellingham Ins. Agency*, 702 F.3d at 566 ("Only the power to enter final judgment is abrogated."). *Stern* does not affect the statutory designation of matters as core for the purpose of determining whether the bankruptcy court has discretion to deny arbitration because that decision is not itself a final judgment.

In short, while we agree with John that his answer might affect the bankruptcy court's ultimate weighing of competing bankruptcy and arbitration policies, we disagree that, as a matter of law, the answer stripped the bankruptcy court of discretion to perform that weighing in the first place. The Trustee's fraudulent conveyance claim retains its statutory "core" label. As we have explained, when deciding motions to compel arbitration, nothing more is required.

### Other Arguments

We briefly consider other arguments raised by the parties.

*Enforceability and the "Otherwise Applicable Arbitration Provision"*

The Trustee argues that the arbitration agreements do not apply to him because his claims fall outside the scope of the

agreements. However, the Trustee did not make this argument to the bankruptcy court, even though John argued there that the Trustee's causes of action fell within the scope of John's prior contractual relationship with the debtors. Accordingly, we have no factual findings from which to evaluate whether the agreements are "otherwise applicable."

The Trustee's failure to present this argument to the bankruptcy court does not affect our ability to reject it here. The bankruptcy court assumed that the agreements were enforceable against the Trustee, and declined to compel arbitration for other reasons, which we affirm. The district court held that the Trustee was not bound by the agreements. We agree.

The Trustee brought fraudulent transfer claims under 11 U.S.C. §§ 544 and 548, and California Civil Code section 3439.04. John asserts that *all* of these claims are subject to the arbitration agreements that he signed with the debtors. But, under § 544, the Trustee is empowered only to bring claims that might be brought "by a creditor holding an unsecured claim." 11 U.S.C. § 554(b)(1). And California Civil Code section 3439.04(a)(1) permits a *creditor* to bring a claim for fraudulent transfer that a debtor made with intent to hinder, delay, or defraud a creditor of the debtor. For the purpose of these claims, the Trustee stands in the shoes of the creditors, not the debtors. Only the *parties* to an arbitration agreement are bound by it. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985). The creditors did not sign the arbitration clauses at issue here. As a result, arbitration agreements signed by the debtors cannot apply to claims under § 544 or California Civil Code section 3439.04. *See Allegaert v. Perot*, 548 F.2d 432 (2d Cir. 1977)

(so holding). As to these claims, then, the court had no discretion to allow arbitration.

*Arbitrability*

The Kirklands argue that the plain language of some of the arbitration agreements requires an arbitrator to decide whether the Trustee's claims are arbitrable. This argument was not presented to the bankruptcy court, and the record discloses no exceptional circumstances for not having raised the issue below. *Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985) (holding that we do not review an issue not raised below unless necessary to prevent manifest injustice; proponent must show exceptional circumstances why the issue was not raised below). Accordingly, this issue was waived.

**AFFIRMED**.