**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ERICA ADAM,<br><br>      Debtor, | No. 15-60033<br><br>BAP No. 14-1416 |
| ERICA ADAM,<br><br>      Defendant–Appellant,<br><br>v.<br><br>GREGORY LEE DOBIN,<br><br>      Plaintiff–Appellee. | MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Kirscher, and Taylor, Bankruptcy Judges, Presiding

Submitted February 6, 2017[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER, DAVIS,[***] and MURGUIA, Circuit Judges.

Erica Adam appeals the decision of the Bankruptcy Appellate Panel affirming the bankruptcy court's judgment. The bankruptcy court found that a state court judgment debt for attorneys' fees that Adam owes her former husband, Gregory Lee Dobin, is not dischargeable in bankruptcy. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1). Having reviewed the bankruptcy court's findings of fact for clear error and its legal conclusions de novo, *In re EPD Inv. Co., LLC*, 821 F.3d 1146, 1150 (9th Cir. 2016), we affirm.

"Debts incurred in a divorce proceeding are generally nondischargeable in bankruptcy." *Renfrow v. Draper*, 232 F.3d 688, 693 (9th Cir. 2000) (footnote omitted) (citing 11 U.S.C. § 523(a)(15)). Section 523(a)(15) of the Bankruptcy Code has three elements: the debt must (1) be owed "to a spouse, former spouse, or child of the debtor"; (2) not be "a domestic support obligation"; and (3) be incurred "in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit." 11 U.S.C. § 523(a)(15). The attorneys' fees debt plainly meets the first two

---

[***] The Honorable Andre M. Davis, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

elements—it is a debt that Adam owes to her former spouse, Dobin, and it is not a domestic support obligation. *See Rivera v. Orange Cty. Prob. Dep't*, 832 F.3d 1103, 1106 (9th Cir. 2016) (stating that a domestic support obligation is a debt "in the nature of alimony, maintenance, or support"). The attorneys' fees debt also meets the third element. The attorneys' fees were awarded by a California family court in an action in which Adam sought dissolution of her marriage to Dobin. Therefore, the debt was incurred in the course of a divorce and falls within the plain language of § 523(a)(15). *See In re Taylor*, 737 F.3d 670, 680–81 (10th Cir. 2013).

Adam does not directly dispute the bankruptcy court's conclusion that the attorneys' fees debt falls within the language of § 523(a)(15). Instead, she mounts a collateral challenge on the validity of the state court judgment that awarded the fees, arguing that Dobin committed extrinsic fraud on the state court. However, Adam fails to identify how Dobin's actions prevented her from presenting her claim in state court. Accordingly, Adam seeks "a *de facto* appeal from a state court judgment," and her claim is barred by the *Rooker–Feldman* doctrine. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

**AFFIRMED.**