**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVE SEDGWICK,

Appellant,

v.

LEONARD M. SHULMAN; et al.,

Appellees.

No.    18-56021

D.C. No. 8:17-cv-02189-AG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted December 17, 2019[**]

Before:  FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Steve Sedgwick appeals pro se the district court's order affirming the

bankruptcy court's order denying him relief under Fed. R. Civ. P. 60(b)(6) and

reclosing his Chapter 11 case.  We have jurisdiction under 28 U.S.C. § 1291.  On

appeal from the district court, we independently review the bankruptcy court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision. *In re Gilman*, 887 F.3d 956, 963 (9th Cir. 2018). The bankruptcy court's ruling on a Rule 60(b) motion for relief from an order or judgment is reviewed for an abuse of discretion. *Id*. We affirm the district court's order.

The bankruptcy court properly exercised its discretion in concluding, based on its independent review of the record, the report of the Chapter 11 Trustee, and the report of the United States Trustee, that the record did not establish fraud or fraud on the court by Sedgwick's former bankruptcy counsel. *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006) (party seeking relief under Rule 60(b)(6) must show fraud involving an unconscionable plan or scheme designed to improperly influence the court).

The bankruptcy court properly exercised its discretion in declining to expand the scope of its inquiry beyond the specific fraudulent scheme alleged by Sedgwick. *See In re Gilman*, 887 F.3d at 963.

Sedgwick waived his constitutional arguments by failing to raise them before the bankruptcy court. *See In re EPD Inv. Co.*, 821 F.3d 1146, 1152 (9th Cir. 2016) (issue not presented to bankruptcy court was waived). In addition, he has made no showing of a denial of due process because the bankruptcy court afforded him generous opportunities to present his claims of fraud and fraud on the court. *See In re Rains*, 428 F.3d 893, 903 (9th Cir. 2005) (due process requires an opportunity to be heard).

**AFFIRMED.**

2