[No. A125445. First Dist., Div. Three. May 17, 2010.]

BROADWAY FORECLOSURE INVESTMENTS, LLC, Plaintiff and Appellant, v.
LARNISE TARLESSON, Defendant and Respondent.

LARNISE TARLESSON, Plaintiff and Respondent, v.
BROADWAY FORECLOSURE INVESTMENTS, LLC, Defendant and Appellant.

COUNSEL

Kevin S. Eikenberry for Plaintiff and Appellant and for Defendant and Appellant.

Coblentz, Patch, Duffy & Bass, Frederick S. Fields and Allison L. Ehlert for Defendant and Respondent and for Plaintiff and Respondent.

OPINION

SIGGINS, J.—Judgment creditor Broadway Foreclosure Investments, LLC (Broadway), sought to satisfy a judgment through the sale of judgment debtor Larnise Tarlesson's home. The trial court permitted the sale subject to a $150,000 homestead exemption in Tarlesson's favor. Broadway appeals and argues that (1) Tarlesson was not eligible for the homestead exemption, (2) Tarlesson was unjustly enriched when the court recognized her right to claim the exemption, and (3) if an exemption was allowable, it should have been limited to $50,000. We conclude that the trial court correctly determined that Tarlesson was eligible to claim the exemption because the home was her principal residence prior to attachment of Broadway's judgment lien and continuously thereafter. We also conclude that the court properly set the amount of Tarlesson's homestead exemption at $150,000. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In a prior appeal, we affirmed a judgment that set aside Broadway's purchase of Tarlesson's home at a foreclosure sale and quieted her title. The judgment allowed Tarlesson to remain in her home, but required her to reimburse Broadway over $400,000 for the purchase price it paid at the sale and certain expenses it incurred. (*Tarlesson v. Washington Mutual* (Mar. 25, 2008, A116588) [nonpub. opn.].) When Tarlesson failed to make payment, Broadway sought to levy upon Tarlesson's home to satisfy the judgment. Tarlesson responded to the notice of levy by claiming the property was exempt from execution under a homestead exemption and could not be sold without a court order.

In December 2008, Broadway filed its application for a court order permitting the sale of Tarlesson's home. Although Broadway did not contest that the home was Tarlesson's principal residence when its judgment lien attached in 2006, it claimed that Tarlesson lost her right to claim a homeowner's exemption when she conveyed the property by grant deed to Peola Lane on June 10, 2008.

In opposition to Broadway's application, Tarlesson said that the property has continuously been her principal residence since 1984, and that it was only conveyed to Peola Lane in order to arrange mortgage financing. Tarlesson was unable to qualify for a mortgage loan, but she thought that Lane, who is her cousin, could. Tarlesson said that she and Lane agreed that, at all times, Tarlesson retained the beneficial interest in her home. In February 2009, Lane reconveyed the property to Tarlesson by a grant deed dated June 10, 2008, the same day Lane originally acquired title to the property.

After a hearing, the trial court found that the property was Tarlesson's homestead because it was her principal dwelling where she resided when the judgment creditor's lien attached to the property and continuously thereafter. The court also determined that Tarlesson should not be barred from claiming a homestead in the property by the doctrines of estoppel and/or unjust enrichment. The court set the amount of Tarlesson's homestead exemption at $150,000, because she was over 55 years of age and had a gross annual income of not more than $15,000. The court granted Broadway's application for an order directing the sheriff to sell the property, subject to Tarlesson's homestead exemption.[1] Broadway timely appealed.[2]

## DISCUSSION

### A. *Homestead Exemption Law*

■ Article XX, section 1.5 of the California Constitution states: "The Legislature shall protect, by law, from forced sale a certain portion of the homestead and other property of all heads of families." The Legislature has provided such protection in the Enforcement of Judgments Law. (Code Civ. Proc., § 680.010 et seq.)[3] Section 704.740, subdivision (a) provides in relevant part that "the interest of a natural person in a dwelling may not be sold . . . to enforce a money judgment except pursuant to a court order for sale obtained under this article [(Homestead Exemption)] and the dwelling

---

[1] The fair market value of the property was determined to be $625,000; it was encumbered by liens of $7,312.42 for property taxes and Broadway's judgment lien of $512,516.33, including interest.

[2] Tarlesson has requested that we take judicial notice of an excerpt from the reporter's transcript of the trial involved in our prior appeal. We deny the request for judicial notice because Tarlesson has not demonstrated that the transcript was presented to the trial court when it considered Broadway's application for an order to sell Tarlesson's home. (See *Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184–185, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261].) Nor is it necessary for the resolution of this appeal.

[3] All further statutory references are to the Code of Civil Procedure.

exemption shall be determined under this article." A dwelling is "a place where a person resides," and a homestead is "the principal dwelling (1) in which the judgment debtor . . . resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor . . . resided continuously thereafter until the date of the court determination that the dwelling is a homestead." (§ 704.710, subds. (a), (c).) Such a homestead exemption does not require that a judgment debtor file or record a homestead declaration, but " 'is available when a party has continuously resided in a dwelling from the time that a creditors' lien attaches until a court's determination in the forced sale process that the exemption does not apply.' " (*Amin v. Khazindar* (2003) 112 Cal.App.4th 582, 588 [5 Cal.Rptr.3d 224].)[4]

■ Courts "adopt a liberal construction of the law and facts to promote the beneficial purposes of the homestead legislation to benefit the debtor." (*Amin v. Khazindar, supra,* 112 Cal.App.4th at p. 588.) "A homestead exemption does not preclude sale of the home but entitles the homesteader to receive the value of the exemption if the property is sold to satisfy a judgment lien." (*Wells Fargo Financial Leasing, Inc. v. D & M Cabinets* (2009) 177 Cal.App.4th 59, 68 [99 Cal.Rptr.3d 97].) The amount of the homestead exemption depends on several factors. (§ 704.730.) An unmarried person who is 55 years of age or older, with a gross annual income of $15,000 or less, is entitled to claim the maximum exemption, which was $150,000 at the time of the proceedings under review in this appeal.[5] (§ 704.730, former subd. (a)(3)(C); Stats. 2003, ch. 64, § 1.)

B. *Application of the Homestead Exemption to Tarlesson's Property*

Broadway first contends that Tarlesson could not claim a homestead exemption for the property because she deeded it to Lane in June 2008. Broadway's argument is based upon a legal premise that a judgment debtor must at all relevant times own an interest in the property in order to claim a homestead exemption. Broadway argues that because Tarlesson did not own the home between June 2008 and February 2009, the property became subject to Broadway's liens free of the homestead when it was conveyed to Lane, and remained so when it was deeded back to Tarlesson.

■ Broadway bases its argument in substantial part on the language of section 703.020 which provides that statutory exemptions "apply only to

[4] A homeowner may also record a homestead declaration under section 704.910 et seq., but no such declaration was recorded in this case.

[5] A 2009 statutory amendment increased the maximum homestead exemption to $175,000. (Stats. 2009, ch. 499, § 2.)

property of a natural person." Broadway reads section 703.020 to imply a requirement of ownership. But the authorities Broadway cites do not support its argument. While section 703.020, subdivision (a) states generally that "[t]he exemptions provided by this chapter apply only to property of a natural person," the statutory definition of "homestead" provided in section 704.710 requires only that the judgment debtor reside in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead. (§ 704.710, subd. (c).) There is no requirement in section 704.710 that the judgment debtor continuously own the property, and we do not read section 703.020 to impose such a requirement.

The cases Broadway relies upon to argue that section 703.020, subdivision (a) should be interpreted to require that the party claiming the exemption continuously own the property also do not support the argument. (Cf. *SBAM Partners, LLC v. Wang* (2008) 164 Cal.App.4th 903, 906 [79 Cal.Rptr.3d 752] [no homestead exemption where judgment debtor purchased property after judgment was recorded]; *In re Bell* (Bankr. N.D.Cal., Nov. 21, 2007, No. 04-4547) 2007 Bankr. Lexis 4001 [debtor could not claim homestead exemption in partnership interest sold to satisfy creditors]; *In re Rabin* (Bankr. 9th Cir. 2007) 359 B.R. 242, 249 [registered domestic partners considered spouses under Cal. law for purpose of determining amount of homestead exemption]; *In re Hsia* (Bankr. N.D.Cal. 1995) 183 B.R. 201, 204 [debtor was entitled to homestead exemption in property held in joint tenancy with family members].) While section 703.020 states that the statutory exemptions "apply only to property of a natural person," there is nothing that suggests 703.020 requires that a claimant own the property subject to a claim of exemption rather than merely possess it. We will not interpret "of," as used in section 703.020, subdivision (a), to necessarily mean "owned by."

■ Several California cases recognize that judgment debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another. (*Breeden v. Smith* (1953) 120 Cal.App.2d 62, 66 [260 P.2d 185]; *Putnam Sand & Gravel Co. v. Albers* (1971) 14 Cal.App.3d 722, 726 [92 Cal.Rptr. 636]; *Mehrtash v. Mehrtash* (2001) 93 Cal.App.4th 75, 81 [112 Cal.Rptr.2d 802].) Such a result is consistent with the purpose of California's homestead exemption to protect one's dwelling against creditors. (*Amin v. Khazindar, supra*, 112 Cal.App.4th at p. 588; accord, *Wells Fargo Financial Leasing, Inc. v. D & M Cabinets, supra*, 177 Cal.App.4th at p. 67.)

■ Broadway does not dispute that the property was Tarlesson's principal residence when it acquired its judgment lien. Nor does it dispute that she has continuously resided in the home since 1984, and there is no evidence that rebuts Tarlesson's claim that, "At all times I retained the beneficial interest in my home, which was acknowledged by Peola [Lane]." In the circumstances, Tarlesson's continuous occupancy of her home qualifies it as her "homestead" under section 704.710, subdivision (c). We will not also read a requirement into section 703.020 or 704.710 that Tarlesson must have held continuous *title* to her home to claim the homestead exemption.[6]

## C. *Unjust Enrichment*

■ Broadway contends that Tarlesson should be estopped from claiming the benefits of the homestead exemption pursuant to the equitable theory of unjust enrichment. Broadway premises its argument upon Tarlesson's failure to pay the expenses of ownership of her property: mortgage, taxes and insurance. Broadway reasons that because Tarlesson reaped the benefits of owning the property without paying for them, she should not benefit from the exemption and, in fact, recognition of the exemption may unfairly prevent Broadway from full satisfaction of its judgment.[7] But the theory of unjust enrichment applies to prevent one party from obtaining a windfall at the expense of another in circumstances where its application "involves no violation or frustration of law or opposition to public policy, either directly or indirectly." (*Dinosaur Development, Inc. v. White* (1989) 216 Cal.App.3d 1310, 1315 [265 Cal.Rptr. 525].) Were we to disallow Tarlesson's claim of exemption on a theory of unjust enrichment, we would frustrate the application of section 704.710 and the liberal construction of the homestead exemption. "[T]he homestead law is not designed to protect creditors and should be liberally construed 'to promote the beneficial purposes of the homestead legislation to benefit the debtor [and his family].' " (*Wells Fargo Financial*

---

[6] In its reply brief, Broadway refers to a separate statutory definition of a "declared homestead owner" in section 704.910, subdivision (b)(1). But this case deals solely with an automatic homestead exemption claim rather than a declared homestead. We will not further address an argument raised for the first time in a reply brief. (*Reed v. Mutual Service Corp.* (2003) 106 Cal.App.4th 1359, 1372, fn. 11 [131 Cal.Rptr.2d 524].)

[7] Broadway claims the minimum bid on the property must be $562,500 (90 percent of its $625,000 value), and that a price sufficient to satisfy $6,486.04 in property taxes, Tarlesson's $150,000 homestead exemption, and the $512,516.33 owed to Broadway would be $669,002.37. Broadway argues this effectively precludes the sheriff from completing a sale of the property. Broadway also maintains that it may potentially lose its lien if the property is sold at a tax sale arising from Tarlesson's failure to pay county property taxes, or if the property is damaged or destroyed while it is uninsured.

*Leasing, Inc. v. D & M Cabinets, supra,* 177 Cal.App.4th at p. 73, quoting *Amin v. Khazindar, supra,* 112 Cal.App.4th at p. 588.) Moreover, the facts here do not demonstrate misrepresentation or laches on Tarlesson's part that could trigger such an estoppel. (Cf. *Jefferson v. Tom* (1942) 52 Cal.App.2d 432 [126 P.2d 387].) Tarlesson should not be estopped from claiming the homestead exemption.

### D. *Amount of Exemption*

Broadway's final argument is that even if Tarlesson is entitled to an exemption, she has not shown she is entitled to more than the minimum $50,000 allowed under section 704.730, subdivision (a). In order to establish her eligibility, Tarlesson declared under penalty of perjury that she is over 55 years of age, unmarried, and earns less than $15,000 a year. These facts qualify her for the $150,000 exemption under section 704.730, former subdivision (a)(3)(C). While Broadway says that Tarlesson's declaration is "biased and self serving," Broadway points to no conflicting evidence in the record. Nor do the cases cited by Broadway require that judgment debtors corroborate their claim to an enhanced homestead exemption with evidence such as tax returns or bank statements. (Cf. *Cal-Western Reconveyance Corp. v. Reed* (2007) 152 Cal.App.4th 1308, 1323 [62 Cal.Rptr.3d 244] [trial court properly concluded claimant failed to produce satisfactory evidence that he was disabled and unable to engage in substantial gainful employment]; *In re Shelley* (B.A.P. 9th Cir. 1995) 184 B.R. 356, 361 [debtor could deduct cost of inventory and operating expenses from gross receipts when determining gross annual income]; *In re Sweitzer* (Bankr. C.D.Cal. 2005) 332 B.R. 614, 618 [debtor may not offset annual earnings with investment losses in order to qualify for enhanced exemption]; *In re Bush* (Bankr. S.D.Cal. 2006) 346 B.R. 207, 210 [debtor may deduct business expenses from gross receipts of sole proprietorship]; *In re Dowling* (Bankr. N.D.Cal. 2009) 415 B.R. 740, 746–747 [debtor permitted to deduct operating expenses from gross rental receipts].) Broadway has not shown the trial court erred when it found Tarlesson's income was less than $15,000 and she qualified for the enhanced $150,000 homestead exemption under section 704.730, former subdivision (a)(3)(C).[8]

---

[8] Nor does Broadway cite any authority to support its request that this court treat the $133,199.63 that was paid to Tarlesson as surplus from the prior foreclosure sale as its payment for the value of her homestead exemption.

## DISPOSITION

The order of the trial court is affirmed.

McGuiness, P. J., and Pollak, J., concurred.