**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE KEVAN HARRY GILMAN, *Debtor*, | No. 16-55436 |
| | D.C. No. 2:15-cv-02588-DOC |
| TAMMY R. PHILLIPS; TAMMY R PHILLIPS, A PROF. LAW CORP., Appellants, | |
| v. | OPINION |
| KEVAN HARRY GILMAN, *Appellee*. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 15, 2017
Pasadena, California

Filed April 13, 2018

Before: Michael Daly Hawkins, Barrington D. Parker, Jr.,* and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Hawkins

---

* The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

## SUMMARY[**]

### Bankruptcy

The panel affirmed in part and vacated in part the district court's judgment affirming the bankruptcy court's orders in an adversary proceeding in which the bankruptcy court ruled that a chapter 7 debtor was entitled to a homestead exemption.

The panel held that it had jurisdiction to review the district court's order affirming the grant of the homestead exemption. The panel concluded that *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686 (2015) (holding that a bankruptcy court order is only a final, appealable order if it alters the status quo and fixes the rights and obligations of the parties), was not fundamentally inconsistent with Ninth Circuit precedent holding that an order granting or denying an exemption constitutes a final appealable order.

Affirming in part, the panel held that the bankruptcy court did not abuse its discretion in granting the debtor's motion for relief from judgment on the ground of excusable neglect under Federal Rule of Civil Procedure 60(b) and allowing further proceedings even though the debtor did not initially oppose creditors' objection to the homestead exemption.

Vacating in part and remanding, the panel held that the bankruptcy court erred in concluding that the debtor established his claim to a homestead exemption under

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

California law because the bankruptcy court made no determination as to whether the debtor intended to continue to reside in the property.

## COUNSEL

Charles Q. Jakob (argued), Gold River, California, for Appellants.

Mark Ellis (argued), Ellis Law Group LLP, Sacramento, California, for Appellee.

## OPINION

HAWKINS, Circuit Judge:

Creditor-appellants Tammy Phillips and Tammy R. Phillips, a Professional Law Corporation (collectively, "Phillips") appeals the bankruptcy court's determination that debtor-appellee Kevin Gilman ("Gilman") was entitled to a homestead exemption of $100,000. Because the bankruptcy court did not determine whether Gilman had the requisite intent to continue to reside in the property in question, we vacate and remand for further fact finding.

## I. FACTS AND PROCEDURAL HISTORY

Gilman filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Central District of California. Gilman listed Phillips and Tammy R. Phillips, a Professional Law Corporation, as

creditors.[1] On Gilman's initial Schedule A (Real Property), he listed two pieces of property: (1) 6553 Varna Ave.,Van Nuys, California, and (2) 9010 Corbin Ave., Suite 16, Northridge, California. He described the second property as "in escrow." On Gilman's initial Schedule C (property claimed as exempt), he claimed a household exemption for the Varna Avenue property. Under the column, "Specify Law Providing Each Exemption," Gilman cited California Code of Civil Procedure § 704.730 and stated "Debtor has Cancer and has not been able to work in his business." On Gilman's Schedule G (Executory Contracts and Unexpired Leases), he did not list any contracts relating to the sale of the Varna Avenue property.[2] Gilman would later admit in an interrogatory that escrow was open on this property on the day he filed for bankruptcy.

Phillips filed an adversary proceeding against Gilman alleging that Gilman's debts to Phillips were non-dischargeable because of various fraudulent actions. *Id.* Phillips also objected to Gilman's homestead exemption. Gilman did not oppose the objection and did not appear at the hearing. Therefore, the bankruptcy court sustained Phillips' objections.

Shortly thereafter, Gilman filed an amended Schedule C, claiming a reduced exemption on a reduced property value. Like the initial Schedule C, the amended schedule continued

---

[1] In 2008, Phillips obtained various judgments against Gilman in state litigation.

[2] Schedule G asks the debtor to "[d]escribe all executory contracts of any nature . . . ."

to seek an exemption under § 704.730 and stated "Debtor has Cancer and has not been able to work in his business."

Having already prevailed on the exemption issue, Phillips objected to the amended exemptions. Gilman then moved for relief from the bankruptcy court's order, arguing that his counsel's mistaken failure to oppose Phillips' objections constituted excusable neglect and warranted relief under Federal Rule of Civil Procedure 60(b)(1). Following a hearing, the bankruptcy court granted Gilman's request for relief ("the Rule 60(b) Order").

Phillips renewed the objection to the amended exemption, which the bankruptcy court denied, except for agreeing to hold an evidentiary hearing on Gilman's entitlement to an enhanced homestead exemption based on disability. Phillips moved for reconsideration, pointing out newly discovered evidence that the Varna Avenue property was in escrow at the time of filing, and arguing Gilman was thus not entitled to a homestead exemption. The bankruptcy court denied the motion, concluding that escrow did not eliminate Gilman's right to a homestead exemption (the "Homestead Exemption Order").[3]

Phillips then appealed the Homestead Exemption Order to the district court. Phillips also purported to appeal all "associated and fairly incorporated interlocutory orders," including the Rule 60(b) Order. The district court eventually

---

[3] The bankruptcy court held an evidentiary hearing on Gilman's entitlement to an enhanced disability exemption in his homestead, and concluded that Gilman was not entitled to such an exemption because the evidence showed that he was not disabled on the petition date (the "Disability Exemption Order").

affirmed the bankruptcy court on all orders, and Phillips appeals to this court.

## II. JURISDICTION

We must first consider whether we have jurisdiction to entertain Gilman's appeal. *In re Gugliuzza*, 852 F.3d 884, 889 (9th Cir. 2017). We have jurisdiction to determine our own jurisdiction and consider the issue de novo. *Id.*

The bankruptcy court had jurisdiction because the "allowance or disallowance of claims against the estate or exemptions from property of the estate" constitutes a "core proceeding" under Title 11. 28 U.S.C. § 157. District courts have jurisdiction over bankruptcy appeals "from final judgments, orders, and decrees . . . [and] with leave of the court, from interlocutory orders and decrees . . . ." 28 U.S.C. § 158(a).[4] Appellate courts have jurisdiction to hear appeals in bankruptcy cases under 28 U.S.C. §§ 1291, 1292, and 158(d)(1).

---

[4] We note that the district court initially concluded that the bankruptcy court's Homestead Exemption Order was not final, as it left unresolved Phillips' objection to the enhanced disability exemption. The district court nonetheless concluded that the bankruptcy court's prior order constituted an appealable interlocutory order, under this court's "'pragmatic approach' to finality in bankruptcy [which] emphasizes the need for immediate review, rather than whether the order is technically interlocutory." *In re Rosson*, 545 F.3d 764, 769 (9th Cir. 2008) (quoting *Bonham v. Compton (In re Bonham)*, 229 F.3d 750, 761 (9th Cir. 2000)). In any event, the bankruptcy court's subsequent Disability Exemption Order cured any prematurity in Phillips' appeal. *See In re Rains*, 428 F.3d 893, 901 (9th Cir. 2005) ("[S]ubsequent events can validate a prematurely filed appeal."(quoting *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1402 (9th Cir. 1988))).

Section 158(d)(1) gives the courts of appeal "jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) [defining the district courts' jurisdiction] and (b) [defining the jurisdiction of the bankruptcy appellate panels]." Thus, this court may only consider "final decisions, judgments, orders, and decrees" of the district court and BAP. *Gugliuzza*, 852 F.3d at 891.

We have previously held that an order denying an exemption constitutes a final appealable order. *Preblich v. Battley*, 181 F.3d 1048, 1056 (9th Cir. 2008). We emphasized that an order "denying a claim of exemption finally determines the discrete matter to which it was addressed, determines and seriously affects substantial rights and can 'cause irreparable harm if the losing party must wait until bankruptcy proceedings terminate before appealing.'" *Id.* (quoting *In re Allen*, 896 F.2d 416, 418 (9th Cir. 1990)). *In re White* similarly held that an order disallowing an exemption was appealable as a final judgment because it "finally determined all issues regarding the claimed exemption." 727 F.2d 884, 886 (9th Cir. 1984). In so holding, *In re White* noted that our court had "previously held that a [] need exists for immediate review of orders *granting or denying* exemptions." *Id.* (citing *In re Brissette*, 561 F.2d 779 (9th Cir. 1977)) (emphasis added).[5] Other

---

[5] As *In re White* further explained, the reasoning of *In re Brissette* made clear that the need for immediate appellate review would apply whether the lower court determination was granting or denying an exemption:

> A decision that property is exempt may so deplete the potential estate that creditors will decline to participate further in the proceeding; a decision that it is not exempt will cause title to it to vest in the trustee during

circuits have agreed. *See, e.g.*, *Matter of England*, 975 F.2d 1168, 1172 (5th Cir. 1992); *In re Brayshaw*, 912 F.2d 1255, 1256 (10th Cir. 1990); *Matter of Barker*, 768 F.2d 191, 194 (7th Cir. 1985); *Sumy v. Schlossberg*, 777 F.2d 921, 923 (4th Cir. 1985).

In 2015, the Supreme Court decided *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686 (2015), and we must consider whether this case calls into question our existing case law regarding the appealability of orders granting or denying homestead exemptions. In *Bullard*, the Supreme Court clarified that a bankruptcy court order is only a final, appealable order if it "alters the status quo and fixes the rights and obligations of the parties." *Id.* at 1692. *Bullard* involved an appeal from a refusal to confirm a plan, in circumstances where nothing in the denial order prevented the debtor from proposing an alternative plan to the court. The Court explained that an order confirming a plan would be appealable, as would a

---

> the pendency of the action, with all the attendant consequences of vesting. . . . Erroneous determinations that property is nonexempt encourage creditors to press claims and to divide assets only to be told on appeal that there is nothing to divide. Of greater moment, however, the bankrupt may be thereby deprived of the necessities of life which Section 6 was designed to preserve to him during the pendency of the action. On the other hand, an erroneous decision of exemption will leave property in the hands of the bankrupt and subject to dissipation without the appropriate satisfaction of any creditor.

*Id.* at 886 (quoting *In re Brissette*, 561 F.2d at 782–83). The reasoning of *In re White* compels the conclusion that an order *granting* an exemption also constitutes a final, appealable order.

denial that dismissed the case, but not so for a mere denial with no additional consequences. *Id*. at 1692–93.

As a three-judge panel, we are bound to follow existing Ninth Circuit precedent and can only reexamine such cases when their "reasoning or theory" is "'clearly irreconcilable' with the reasoning or theory of intervening higher authority." *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)). "This is a high standard." *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012) (quoting *United States v. Delgado-Ramos*, 635 F.3d 1237, 1239 (9th Cir. 2011)). In order for us to ignore existing Ninth Circuit precedent reasoning that orders granting or denying exemptions are immediately appealable, the reasoning and principles of *Bullard* would need to be so fundamentally inconsistent with our prior cases that our prior decisions cannot stand.

However, the pre-*Bullard* test for appealable final orders in our circuit similarly looked to whether the bankruptcy court's decision: "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *In re SK foods LP*, 676 F.3d 798, 802 (9th Cir. 2012) (quoting *In re AFI Holding, Inc.*, 530 F.3d 832, 836 (9th Cir. 2008)). Post-*Bullard*, we have even noted that our previous standard is "generally consistent with *Bullard*." *Gugliuzza*, 852 F.3d at 893.[6] As the *Bullard*

---

[6] We also note that other courts have continued to apply existing Ninth Circuit precedent permitting immediate appeal of such orders after *Bullard*. *See, e.g.*, *In re Diaz*, 547 B.R. 329, 333 (9th Cir. BAP 2016); *In re Elliot*, 544 B.R. 421, 430 (9th Cir. BAP 2016); *In re Old Canal Fin. Corp.*, 550 B.R. 519, 525 (C.D. Cal. 2016).

standard is similar to the appealability standard we already apply, and the factual situation present in *Bullard* (denial of plan confirmation) is also distinguishable, we do not find *Bullard* to be so fundamentally inconsistent with our existing case law as to require a different result. Accordingly, we will continue to apply *In re Preblich* and *In re White* and the reasoning contained therein to hold we have jurisdiction over the district court's order in this case, affirming the grant of the homestead exemption.

## III. MERITS

"On appeal from a district court's affirmance of a bankruptcy court decision, we independently review the bankruptcy court's decision, without giving deference to the district court. . . . We review the bankruptcy court's legal conclusions de novo and its factual findings for clear error." *Rosson*, 545 F.3d at 770–71 (internal quotations and citations omitted).

### A. Whether the bankruptcy court abused its discretion in granting Gilman's Rule 60(b)(1) Motion

Phillips argues that the district court erred in affirming the bankruptcy court's decision granting Gilman's motion for relief from the August 2011 judgment. We "review a bankruptcy court's grant of a motion for relief from an order under Federal Rule of Civil Procedure 60(b) for an abuse of

discretion." *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 939 (9th Cir. 2007).[7]

Here, the bankruptcy court initially sustained Phillips' objections because Gilman failed to respond. After Gilman moved for relief, the bankruptcy court set aside its prior order, finding that Gilman's default stemmed from the neglect of his counsel, Shirlee Bliss. In Bliss's declaration she indicated she failed to respond because of a "calendaring error" and her secretary's disability; as a result, Bliss had "too

---

[7] Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60. Rule 60(b) allows a court, "[o]n motion and just terms . . . [to] relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b). The rule provides six potential reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

*Id.*

many balls in the air" and "dropped the ball in Mr. Gilman's bankruptcy matter with regard to the homestead exemption." The bankruptcy court concluded that equitable factors favored granting Gilman relief because Phillips would not suffer prejudice, setting aside the order would not substantially delay the case, and Bliss acted in good faith. The court also noted that Gilman might succeed on the merits. Therefore, the bankruptcy court granted relief, and the district court affirmed.

This was not an abuse its discretion. Rule 60(b) allows for relief in cases of "excusable neglect"—including negligence. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). Excusable neglect under the federal rules "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392 (footnotes and internal quotations omitted). Therefore, Rule 60(b) allows relief even when counsel makes an unreasonable mistake. Moreover, we prefer to resolve cases on the merits. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).[8] We thus affirm the bankruptcy court's Rule 60(b) Order.

---

[8] Phillips further argues that the bankruptcy court erred because Gilman did not appeal or move for relief within the fourteen-day appellate deadline. Phillips argues that moving for relief after the time to appeal has passed allows a litigant to undermine federal appellate rules. But Rule 60(c)(1) forecloses this argument—it uses the discretionary language "a reasonable time" and imposes a hard limit of "no more than a year after the entry of the judgment or order or the date of the proceeding." *See Pioneer*, 507 U.S. at 393 ("If a party is partly to blame for the delay, *relief must be sought within one year* under subsection (1) and the party's neglect must be excusable.") (emphasis added).

**B. Whether the bankruptcy court erred in determining that Gilman was entitled to a homestead exemption**

Turning to the merits, Phillips argues that the bankruptcy court erred when it concluded that Gilman established his claim to a homestead exemption.  Specifically, Phillips argues that the court wrongfully ignored the doctrine of equitable conversion and evidence that Gilman did not intend to reside on the property.  "The scope of the statutory exemption is a question of law, which we review de novo." *In re Bloom*, 839 F.2d 1376, 1378 (9th Cir. 1988). We review the issue of a debtor's intent, along with other factual findings, for clear error.  *Rosson*, 545 F.3d at 770–71 (court reviews factual findings for clear error).

Filing a Chapter 7 bankruptcy petition creates a bankruptcy estate.  11 U.S.C. § 541(a).  At filing, all of the debtor's assets become property of the estate unless they are exempt.  *See id.*; 11 U.S.C. § 522.  Section 522 provides a default list of exemptions, but allows states to opt out of the federal scheme and define their own exemptions.  11 U.S.C. §§ 522(b)(2), (b)(3)(A), (d).

California has opted out of the federal system.  Cal. Civ. Proc. Code § 703.130. As a result, "[t]he bankruptcy court decides the merits of state exemptions, but the validity of the exemption is controlled by California law."  *Diaz*, 547 B.R. at 334; *see also In re LaFortune*, 652 F.2d 842, 846 (9th Cir. 1981).  Courts liberally construe the "the law and facts to promote the beneficial purposes of the homestead legislation to benefit the debtor."  *Tarlesson v. Broadway Foreclosure Invs., LLC*, 184 Cal. App. 4th 931, 936 (2010); *see also In re Pladson*, 35 F.3d 462, 465 (9th Cir. 1994).

California provides for an "automatic" homestead exemption. Cal. Civ. Proc. Code § 704.720(a). The automatic homestead exemption protects a debtor "who resides (or who is related to one who resides) in the homestead property at the time of a forced judicial sale of the dwelling." *In re Anderson*, 824 F.2d 754, 757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption.").

Under Cal. Civ. Proc. Code § 704.710(c), a "homestead" is "the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead." This "requires only that the judgment debtor *reside* in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead." *In re Elliott*, 523 B.R. 188, 196 (BAP 9th Cir. 2014) (quoting *Tarlesson*, 184 Cal. App. 4th at 937). It does not require that the debtor continuously own the property. *Id.*

To determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there. *Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*, 196 Cal. App. 2d 471, 474 (1961) ("The physical fact of the occupancy and the intention with which the premises are occupied 'are both elements to be considered in determining the actual residence.'") (quoting *Lakas v. Archambault*, 38 Cal. App. 365, 372 (1918)).

Here, the bankruptcy court concluded that Gilman's filing of a bankruptcy petition qualified as a forced sale, thus triggering the automatic homestead exemption. The bankruptcy court relied on Gilman's undisputed occupancy of the premises. The bankruptcy court further held that "the fact that [Gilman] was in escrow on a voluntary sale does not mean that he doesn't have his Article 4 automatic homestead exemption because he filed a bankruptcy case and the trustee basically could have taken control of that property and forced a sale of the property . . . ." The court further noted that, "[p]ending the potential close of escrow he retained legal title to his residence and movants do not contend that Mr. Gilman did not occupy the residence at the time he filed his Chapter 7 petition . . . ."

The district court affirmed this conclusion, holding that the bankruptcy court "properly considered the relevant factors" because "the record is replete with evidence that Debtor was a continuous resident of the property in question." The district court, like the bankruptcy court, relied primarily on the undisputed fact that Gilman lived at the residence when he filed his petition. It also relied on Gilman's statement in an interrogatory that "[e]scrow was open. However as no lien amount could be obtained from attorney Jakob, escrow was in the process of being cancelled and the sale terminated on the date the petition was filed . . . ."[9]

Phillips argues that, at the time of filing bankruptcy, Gilman only held the property in trust for the buyer; therefore, Phillips contends, Gilman lacked a sufficient ownership interest to support an exemption. Phillips does not

---

[9] At the hearing on Gilman's enhanced disability exemption he also testified that Phillips' counsel "prevented the escrow from closing."

dispute that, at the time of filing, Gilman inhabited the property, but argues that Gilman could not "intend" to reside in the property because he was in the process of selling it.

California law rejects Phillips' argument that title to the property is necessary to claim a homestead exemption. For instance, *Tarlesson* held that "judgment debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another." 184 Cal. App. 4th at 937. The court further noted that "[s]uch a result is consistent with the purpose of California's homestead exemption to protect one's dwelling against creditors." *Id.* Likewise, *Elliott* held that conveyance to a third party does not defeat a debtor's right to an automatic exemption, "because continuous residency, rather than continuous ownership," controls the analysis. 523 B.R. at 196.

At the same time, the bankruptcy court made no findings regarding Gilman's *intent* to continue to reside in the property. "[P]hysical occupancy on the filing date *without the requisite intent to live there*, is not sufficient to establish residency." *See Diaz*, 547 B.R. at 336 (emphasis added). For instance, *Ellsworth* held that a couple claiming a homestead exemption did not actually reside in the property—despite their legal title and physical occupancy—because they moved into the property a day before a scheduled sale and lacked the "bona fide intention to make the premises their home or residence." 196 Cal. App. 2d at 474–76. Likewise, *Diaz* vacated and remanded a bankruptcy court decision that focused on the debtor's physical occupancy and failed to consider his intent. 547 B.R. at 336.

Because the bankruptcy court made no determination as to whether Gilman intended to continue to reside in the property, we vacate the decision and remand so that the bankruptcy court can apply the correct law to the facts, and conduct such additional factfinding as may be necessary. *See Diaz*, 547 B.R. at 336.[10] On remand, the parties are free to argue anew, and the bankruptcy court may consider, any additional issues related to the homestead exemption, such as whether under California law equitable estoppel could apply to preclude the exemption. The bankruptcy court previously held that it was not permitted to deny the homestead exemption because of alleged bad faith, citing *Law v. Siegel*, 134 S. Ct. 1188, 1196–97 (2014). It did not, however, consider whether California equitable law could be used to deny the exemption. *See In re Gray*, 523 B.R. 170, 175 (9th Cir. BAP 2014) (vacating court's finding of bad faith under *Siegel*, but remanding for consideration of "whether under Arizona law equitable considerations may be used to disallow exemptions"). We leave it to the bankruptcy court to determine in the first instance whether it has the power to disallow Gilman's exemption under California state law and, if so, whether such doctrines apply here.[11]

---

[10] Because the bankruptcy court did not correctly apply California law, we need not address Phillips' contention that the bankruptcy court erroneously placed the burden of proof on Phillips.

[11] Because we vacate and remand on the issue of Gilman's entitlement to the homestead exemption, we need not address Phillips' alternative arguments that federal law preempts the homestead exemption and that the bankruptcy court erred in awarding an exemption greater than $75,000.

## CONCLUSION

We affirm the Rule 60(b) Order. We vacate the Homestead Exemption Order and remand to the district court with instructions to remand to the bankruptcy court for further proceedings consistent with this opinion.

**AFFIRMED in part, VACATED and REMANDED. Each party to bear its own costs on appeal.[12]**

---

**[12]** Phillips' pending motions for judicial notice, motion to strike, and motion for sanctions [Dkt # 34, 50, 58, 59, 60 & 78] are **DENIED**.