**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re:  ROUHEL FEINSTEIN,<br><br>                    Debtor,<br>_____<br><br>TAMMY R. PHILLIPS; TAMMY R<br>PHILLIPS, A PROF. LAW CORP.,<br><br>                    Appellants,<br><br>   v.<br><br>ROUHEL FEINSTEIN,<br><br>                    Appellee. | No.    20-56279<br><br>D.C. No. 2:19-cv-10534-SVW<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before:  NGUYEN and H.A. THOMAS, Circuit Judges, and FITZWATER,[*] District Judge.

The memorandum disposition filed on December 16, 2022, is amended as follows.

On page 2, line 15, delete <2007> and insert the following text: <2008>.

On page 2, line 20, delete <it> and insert the following text: <the exemption amount by failing to raise that issue on remand>.

_____

   [*]   The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

The petition for panel rehearing, Dkt. No. 65, is otherwise **DENIED**, and no further petitions for rehearing will be accepted. Pursuant to Federal Rule of Appellate Procedure 40(a)(3), the response to the petition for panel rehearing, Dkt. No. 66, is **STRUCK**.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



In re: ROUHEL FEINSTEIN,

      Debtor,

_____

TAMMY R. PHILLIPS; TAMMY R
PHILLIPS, A PROFESSIONAL LAW
CORPORATION,

      Appellants,

  v.

ROUHEL FEINSTEIN,

      Appellee.

No.   20-56279

D.C. No. 2:19-cv-10534-SVW

AMENDED MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted November 15, 2022**
Pasadena, California

Before: NGUYEN and H.A. THOMAS, Circuit Judges, and FITZWATER, ***
District Judge.

_____

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Appellants-Creditors Tammy R. Phillips and Tammy R. Phillips, A Professional Law Corporation ("Creditors") appeal the district court's judgment affirming the bankruptcy court's order allowing Appellee-Debtor Kevan Harry Gilman ("Gilman") to claim a homestead exemption under California Code of Civil Procedure section 704.730. As the parties are familiar with the facts and procedural history of this case, we do not provide a detailed accounting here. Reviewing the bankruptcy court's conclusions of law de novo and factual findings for clear error, *In re Hawkeye Ent., LLC*, 49 F.4th 1232, 1235–36 (9th Cir. 2022), we affirm.

We first considered this case in 2018. *See In re Gilman*, 887 F.3d 956 (9th Cir. 2018) ("*Gilman I*"). In *Gilman I*, we held that for Gilman's residential property to qualify for a homestead exemption under California law, he would have to show that two things were true on the day he filed a bankruptcy petition: (i) that he was residing in the relevant property, and (ii) that he intended to continue residing in the property. *See id.* at 965–66. We then remanded for the bankruptcy court to make a factual finding concerning Gilman's intent. *Id*. at 966.

On remand, the bankruptcy court found that Gilman had the requisite intent on the day he filed his bankruptcy petition and that he therefore qualified for a homestead exemption at the time of filing. *See In re Gilman*, 608 B.R. 714, 721

1

(Bankr. C.D. Cal. 2019) ("*Gilman II*"). The district court affirmed that decision, and Creditors filed the instant appeal.

Gilman died while the appeal was pending. Gilman's executor, Rouhel Feinstein, argues that Gilman's death rendered his estate ineligible for a homestead exemption and that this appeal is therefore moot. Feinstein is mistaken. The exemption issue is still live. *See* Fed. R. Bankr. P. 1016 (stating, in part, that when a debtor dies, "the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death . . . had not occurred").

Though Feinstein does not address any of the issues Creditors raise in this appeal, all of Creditors' arguments fail.

Creditors raise arguments concerning (i) the appropriate amount of the homestead exemption, and (ii) Gilman's intent *before* the petition date. Both arguments rest on the assumption that the homestead exemption was triggered not by Gilman's filing of the bankruptcy petition in 2011, but by Creditors' recording of abstracts of judgment against the relevant property in 2008. We reject this assumption. When we considered *Gilman I* in 2018, we accepted—and Creditors did not dispute—the bankruptcy court's conclusion that Gilman's bankruptcy petition had triggered an automatic homestead exemption. 887 F.3d at 965. We have no reason to revisit that conclusion here, and Creditors have forfeited any

challenge to the exemption amount by failing to raise that issue on remand. *See In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008).

Creditors also urge us to find that Gilman did not intend to continue living in the relevant property on the day he filed his bankruptcy petition. The bankruptcy court considered the factual arguments raised by Creditors and rejected them. *See Gilman II*, 608 B.R. at 721 & n.4. The record does not show that the court clearly erred in reaching its conclusion. *See In re Hawkeye*, 49 F.4th at 1236.

Creditors' remaining arguments also fail:

(i)  Gilman did not lose his right of possession when he agreed to sell the property, *see Wilson v. Sanchez*, 254 P.2d 594, 597 (Cal. Dist. Ct. App. 1953) (holding that under California law, a seller retains the right of possession until legal title passes to the purchaser, unless the parties agree otherwise);

(ii)  the bankruptcy court did not abuse its discretion in declining to reduce the exemption amount based on unclean hands, since (a) Creditors failed to bring analogous case law to the bankruptcy court's attention, and (b) Creditors did not show they were prejudiced by Gilman's alleged misconduct, *see Kendall-Jackson Winery, Ltd. v. Superior Ct.*, 90 Cal. Rptr. 2d 743, 749 (Ct. App. 1999) (stating that relief under the unclean hands doctrine depends on the existence of analogous case

law, the nature of the alleged misconduct, and the relationship of the misconduct to the alleged injuries), *as modified on denial of reh'g* (Jan. 3, 2000);

(iii) the bankruptcy court did not abuse its discretion in declining to deny the homestead exemption based on equitable estoppel, since (a) Gilman's statement that he intended to sell the property was not a misrepresentation, and (b) Creditors did not explain how they relied on any such misrepresentation, *see Behnke v. State Farm Gen. Ins. Co.*, 127 Cal. Rptr. 3d 372, 387 (Ct. App. 2011) (noting that the elements of a valid equitable estoppel claim include a knowing misrepresentation of the material facts, intention to induce the reliance of an ignorant party, and reliance);

(iv) Eleven U.S.C. Section 365(a) did not preempt the exemption in this case, since that statute concerns a trustee's right to "assume or reject any executory contract or unexpired lease of the debtor," but there is no evidence that the trustee in this case desired to proceed with the sale of Gilman's property and was precluded from doing so by California's homestead law; and

(v) the bankruptcy court did not abuse its discretion in denying Creditors' request to move for summary judgment on remand, *see* Fed. R. Bankr.

P. 7056; Fed R. Civ. P. 56(b) (providing that bankruptcy courts have discretion to fix the timing of summary judgment motions).

Creditors' motion to enlarge the record is denied for failure to comply with Federal Rule of Appellate Procedure 27(a)(2)(A), which provides that "[a] motion must state with particularity the grounds for the motion . . . and the legal argument necessary to support it."

**AFFIRMED.**