**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  EDWARD E. ELLIOTT, | No.    16-60020 |
| Debtor, | BAP No. 15-1127 |
| _____ | |
| EDWARD E. ELLIOTT, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| DIANE C. WEIL, Chapter 7 Trustee, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Kirscher, and Gan, Bankruptcy Judges, Presiding

Submitted May 9, 2017[**]
Pasadena, California

Before:  WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The bankruptcy court properly held that Edward E. Elliott was not entitled to a homestead exemption with respect to his residence (the Buckingham Property). As relevant here, a debtor may exempt property recovered by the bankruptcy trustee under 11 U.S.C. § 542 only if (1) the property was not voluntarily transferred from the estate by the debtor, and (2) the debtor did not conceal the property. 11 U.S.C. § 522(g)(1). Diane C. Weil, the trustee of Elliott's bankruptcy estate, recovered the Buckingham Property under § 542 by means of a turnover action. The bankruptcy court therefore properly relied on § 522(g) in considering whether Elliott was entitled to a homestead exemption with respect to the Buckingham Property.

Elliott does not dispute the bankruptcy court's findings that he voluntarily transferred the Buckingham Property and that he concealed his interest in that property. By failing to dispute these findings, Elliott has effectively conceded that he is not entitled to a homestead exemption under § 522(g) with respect to the Buckingham Property.

Elliott contends that *Law v. Siegel*, 134 S. Ct. 1188 (2014), compels a contrary result, but he is mistaken. In *Law*, the Supreme Court held that a bankruptcy court cannot withhold an exemption provided under the Bankruptcy Code unless there is a valid statutory basis to do so. *Id.* at 1196–97. As explained

above, § 522(g) provided a valid statutory basis for the bankruptcy court's

disallowance of Elliott's claimed exemption.

**AFFIRMED.**