**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| In re: ROSALVA LUA, <br><br> Debtor, <br> _____ <br><br> ROSALVA LUA, <br><br> Appellant, <br><br> v. <br><br> ELISSA MILLER, Chapter 7 Trustee, <br><br> Appellee. | No. 15-56814 <br><br> D.C. No. 2:15-cv-04026-CJC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California,
Cormac J. Carney, District Judge, Presiding

Argued and Submitted April 6, 2017
Pasadena, California

Before:    McKEOWN and CALLAHAN, Circuit Judges, and QUIST, Senior
District Judge.[**]

_____

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Gordon J. Quist, Senior District Judge for the United States Court for the Western District of Michigan, sitting by designation.

Debtor Rosalva Lua appeals the district court's order affirming the bankruptcy court's order sustaining the Chapter 7 Trustee's objection to Lua's claim of a homestead exemption. Lua argues that the bankruptcy court erred in applying state law to disallow her exemption and, to the extent the bankruptcy court could properly consider state law, it erred in not limiting the source of law to state statutory law. Finally, Lua argues that the bankruptcy court erred in applying the doctrine of equitable estoppel to disallow her exemption.

We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we reverse.

**A.**

Lua failed to raise below her arguments that the bankruptcy court could not consider state law or state case law as a basis for disallowing Lua's claimed homestead exemption. We generally will not consider arguments raised for the first time on appeal. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). We conclude that none of the exceptions to this rule applies. *See United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267–68 (9th Cir. 2001) (noting exceptions to the first-time-on-appeal rule). Thus, we limit our review to the bankruptcy court's application of equitable estoppel.

**B.**

"We apply the same standard of review applied by the district court, reviewing the bankruptcy court's legal conclusions de novo and its factual determinations for clear error." *Neilson v. Chang* (*In re First T.D. & Inv., Inc.*), 253 F.3d 520, 526 (9th Cir. 2001).

A party urging equitable estoppel must demonstrate "(a) a representation or concealment of material facts (b) made with knowledge, actual or virtual, of the facts (c) to a party ignorant, actually and permissibly, of the truth (d) with the intention, actual or virtual, that the ignorant party act on it, and (e) that party was induced to act on it." *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1462 (2011) (quoting 13 Witkin Summary of Cal. Law § 191, at 527–28 (10th ed. 2005)). Estoppel will not be found unless all elements are satisfied. *Moore v. State Bd. of Control*, 112 Cal. App. 4th 371, 384 (2003).

The bankruptcy court found that Lua's First Amended Schedules were a representation, under oath, that she was not claiming a homestead exemption in the Property. But the First Amended Schedules cannot form the basis of an estoppel because they set forth all of the existing facts known to Lua. Those same facts were readily available to the Trustee, and the Trustee was fully aware of them. "[W]here the person pleading estoppel had knowledge of the facts, there is no

3

reliance." *Sidebotham v. Robinson*, 216 F.2d 816, 829 (9th Cir. 1954). The Trustee also knew, or should have known, that in the event circumstances changed, Lua could amend her exemptions "as a matter of course at any time before the case [wa]s closed." Fed. R. Bankr. P. 1009(a); *see also Martinson v. Michael* (*In re Michael*), 163 F.3d 526, 529 (9th Cir. 1998) ("No court approval is required for an amendment, which is liberally allowed."), *abrogated on other grounds by Law v. Siegel*, 134 S. Ct. 1188 (2014).

The bankruptcy court found that the Trustee had no knowledge or indication that Lua was going to file her Second Amended Schedules. However, the Trustee failed to present any evidence that at the time Lua filed her First Amended Schedules, she had reason to believe that she would amend her schedules again at some point in the future. Moreover, nothing in Lua's First Amended Schedules can be deemed a representation by Lua that she would not amend her exemptions again if circumstances changed. In fact, circumstances changed almost three years later when, at the request of the Trustee, the bankruptcy court entered an order finding that the Property was 100% community property, providing Lua a new factual basis to claim a homestead exemption.

Accordingly, the bankruptcy court shall allow Lua's claimed homestead exemption.

4

**REVERSED AND REMANDED with directions**.

*Lua v. Miller*, No. 15-56814

CALLAHAN, Circuit Judge, dissenting:

Based on the applicable standard of review, I respectfully dissent. We review the application of equitable estoppel for abuse of discretion. *See, e.g.*, *Red Lion Hotels Franchising, Inc. v. MAK, LLC*, 663 F.3d 1080, 1087 (9th Cir. 2011). We may reverse only if "we have a definite and firm conviction that the [bankruptcy] court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *S.E.C. v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001). Here, I lack the requisite conviction.

By amending her initial schedules to remove her claim for a homestead exemption, Lua represented that she would not be seeking such an exemption during her bankruptcy. Based on this representation, the Trustee spent the next roughly three years attempting to maximize the value of the bankruptcy estate by monetizing Lua's interest in her home. While it is true that Lua did not know her exact interest in the home at the time she filed her first amended schedules and that Lua never affirmatively stated she would not change her amended exemption election at a later time, Lua stood idly by as the Trustee toiled away, failing to give the Trustee even so much as an indication that she was contemplating claiming the homestead exemption. In light of these particular facts, I cannot say that the bankruptcy court abused its discretion in finding that this case's equities favored

not allowing Lua to amend her first amended schedules. As a result, I would

affirm the bankruptcy court's application of equitable estoppel.