
**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>RIZAL JUCO GUEVARRA,<br>　　　　　Debtor. | BAP No. EC-20-1165-LBT<br><br>Bk. No. 18-bk-25306 |
| RIZAL JUCO GUEVARRA,<br>　　　　　Appellant,<br>v.<br>DOUGLAS M. WHATLEY, Trustee,<br>　　　　　Appellee. | **MEMORANDUM*** |

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Christopher D. Jaime, Bankruptcy Judge, Presiding

Before: LAFFERTY, BRAND, and TAYLOR, Bankruptcy Judges.

### INTRODUCTION

Chapter 7[1] debtor Rizal Guevarra appeals the bankruptcy court's

order sustaining the chapter 7 trustee's ("Trustee") objection to Debtor's

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

claim of exemption in proceeds from the sale of real property in which Debtor claimed no interest. Debtor listed the property on his schedules, but he claimed that he had no interest in it and was merely a "co-signer" with his nephew. He did not claim any exemption in the property even after Trustee notified Debtor's counsel shortly after the petition date that the estate claimed an interest in the property because Debtor and his nephew held title as joint tenants. Debtor amended his schedules to claim an exemption in the proceeds under California's "wild card" exemption only after Trustee had sold Debtor's interest in the property.

Trustee objected to the newly asserted exemption, arguing that Debtor had acted in bad faith and should be equitably estopped from claiming the exemption. The bankruptcy court did not analyze equitable estoppel but sustained the objection on the ground that Debtor had not acted in good faith in claiming the exemption because he claimed it to benefit his nephew, and the purpose of bankruptcy exemptions is to protect the debtor's property. But under California law, the wild card exemption may be claimed in any property, and there is no requirement that the Debtor have any specific intent with regard to the use of the exempted property. Accordingly, we VACATE and REMAND.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

## FACTS

Debtor filed his chapter 7 petition in August 2018; appellee Douglas M. Whatley was appointed trustee. On Debtor's Schedule A, he listed real property located on Glascow Drive in North Highlands, California (the "Property"), valuing it at $217,612 but stating that the value of the portion he owned was "$0.00." In the space provided for a description of the debtor's ownership interest appeared the notation, "Co-signed for Nephew; Debtor has no interest in property." He did not claim any exemption in the Property on Schedule C.

In November 2019, Trustee filed a motion to sell the estate's interest in the Property. In his supporting declaration, Trustee stated that, according to recorded title documents, Debtor and his nephew, Daryl Guevarra, owned the Property as joint tenants.[2] Trustee also submitted as exhibits copies of the purchase and sale agreement, the grant deed, and a deed of trust, all of which showed that Debtor co-owned the Property with Daryl and was a co-borrower on the loan secured by the deed of trust.

Debtor opposed the motion, arguing that he had no interest in the Property but was merely a co-signer with Daryl. A few days later, he filed a motion to convert the bankruptcy case to chapter 13 to "save his nephew's

---

[2] Neither the declaration nor the exhibits were included in the excerpts of record. We therefore have exercised our discretion to take judicial notice of the bankruptcy court's electronic docket and imaged papers filed in Debtor's bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

3

home." The bankruptcy court denied the motion to convert and granted the motion to sell the estate's interest in the Property; that interest was thereafter sold for $32,500.[3]

Debtor then filed amended Schedules A/B and C. Again, Schedule A listed the Property, valuing Debtor's interest at $0.00. In the space for describing the nature of the debtor's ownership interest, Debtor wrote: "Debtor interest in said property it [sic] was sold for $32,500 by chapter 7 trustee[.]" Under "Other information you wish to add," Debtor wrote "Debtor claims said funds under exemption statute CCP 703." On Schedule C, Debtor added the $32,500 proceeds from the sale of the Property and claimed $27,915 as exempt under California Code of Civil Procedure ("CCP") § 703.140(b)(5), the "wild card" exemption.

Trustee objected to the claimed exemption. He argued that Debtor had not acted in good faith and was equitably estopped from asserting an exemption in the proceeds because Debtor had insisted from the inception of the case that he had no interest in the Property, and he had not claimed any exemption until nineteen months after the petition date. Trustee stated that if he had known Debtor would claim an interest and exemption in the proceeds, he would not have sold the Property. In his declaration in support of the motion, Trustee's counsel, Barry Spitzer, testified that he

---

[3] Trustee had previously filed an adversary proceeding against Daryl, seeking permission to sell the entire Property. Daryl did not file an answer or responsive pleading, and the court entered an order of default. After Trustee found a buyer for the estate's 50% interest in the Property, he dismissed the adversary proceeding.

had called Debtor's counsel, Mr. Gillis, approximately three months after the petition date and had left a detailed message explaining that Trustee claimed an interest in the Property; about a week later Mr. Spitzer spoke directly with Mr. Gillis regarding the ownership issue and requested documents. Trustee submitted as an exhibit to his objection a copy of a letter from Mr. Spitzer to Daryl Guevarra dated December 13, 2018, informing Daryl that Debtor's 50% interest in the Property was property of the estate and that Trustee intended to sell either the entire Property or the estate's interest. Trustee also submitted a copy of a December 19, 2018, letter from Mr. Gillis to Mr. Spitzer stating that he was in the process of gathering documents to show that Debtor had no interest in the Property. Mr. Gillis also requested that Mr. Spitzer "show [me] some law that says if a person is listed as a joint tenant, that he has 50% ownership."

Debtor filed an opposition, in which he argued that he had not acted in bad faith because he did not hide the Property from Trustee, and he changed his exemption only after the bankruptcy court ruled he had a 50% interest in the Property. He claimed that there was case law to support his claim that he held no interest.[4] Debtor also filed a declaration from Daryl

---

[4] Debtor cited *Johnson v. Johnson*, 192 Cal. App. 3d 551 (1987) and *Siegel v. Boston (In re Sale Guaranty Corp.)*, 220 B.R. 660 (9th Cir. BAP 1998). Both cases involved resulting trusts. Under California law, if a transferee of property does not pay the purchase price for the property, the transferee is presumed to hold the property in a resulting trust for the party who paid the consideration for its purchase. *In re Sale Guar. Corp.*, 220 B.R. at 664. Further, if a bankruptcy trustee has constructive notice of the resulting trust, it cannot be avoided under the trustee's strong-arm powers. *Id.* at 665-

stating that Debtor had agreed to co-sign on the loan secured by the Property but never made any loan payments and did not live there.

The bankruptcy court thereafter issued a memorandum decision and order sustaining the objection. It found that Debtor had not met his burden to show that the exemption was claimed in good faith, i.e., within the parameters of the exemption statute. The court found that this criterion was not met because Debtor claimed the exemption to protect his nephew's property rather than his own.

Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in sustaining Trustee's objection to Debtor's claim of exemption?

## STANDARDS OF REVIEW

We review de novo the right of a debtor to claim an exemption. *Elliott v. Weil (In re Elliott)*, 544 B.R. 421, 430 (9th Cir. BAP 2016), *aff'd*, 692 F. App'x 472 (9th Cir. 2017). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014). Factual findings underlying

---

66. But Debtor did not indicate on his schedules that he held the Property in a resulting trust, nor did he ever request any adjudication of these issues.

the bankruptcy court's legal conclusions are reviewed for clear error. *In re Elliott*, 544 B.R. at 430. A factual finding is clearly erroneous if it is illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

When a bankruptcy case is filed, all the debtor's legal and equitable interests in property as of the petition date become property of the estate. § 541(a)(1). Nevertheless, an individual debtor may exempt certain property pursuant to applicable state or federal law. California has opted out of the federal exemption scheme, which means that California debtors must use California exemptions. Accordingly, bankruptcy courts look to California law in determining the validity of the exemption. *Phillips v. Gilman (In re Gilman)*, 887 F.3d 956, 964 (9th Cir. 2018). *See also Little v. Reaves (In re Reaves)*, 256 B.R. 306, 310 (9th Cir. BAP 2000), *aff'd*, 285 F.3d 1152 (9th Cir. 2002) ("The validity of the debtor's claimed state exemption is controlled by California law and by the California rules of construction.") (citation omitted). "The California exemption statutes are liberally construed, for their manifest purpose is to protect income and property needed for the subsistence of the judgment debtor." *Estate of Short v. Payne (In re Payne)*, 323 B.R. 723, 727 (9th Cir. BAP 2005) (citation omitted). Under California law, the debtor has the burden to prove he is

7

entitled to the claimed exemption. *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 337 (9th Cir. BAP 2016).

Although Trustee alleged in his objection that Debtor had not acted in good faith, Trustee did not ask the bankruptcy court to disallow the exemption on that ground; rather, he argued that Debtor was equitably estopped from claiming the exemption. But the bankruptcy court did not engage in an analysis of equitable estoppel. It instead sustained the objection on the ground that Debtor had not claimed the exemption in good faith, which the court equated with claiming the exemption for its intended purpose.

Debtor argues that, under *Law v. Siegel*, 571 U.S. 415 (2014), the bankruptcy court was prohibited from disallowing the exemption on grounds of lack of good faith. In *Law*, the Supreme Court reversed the bankruptcy court's order granting a chapter 7 trustee's motion to surcharge a debtor's homestead exemption based on the debtor's misrepresentation that there was no equity in his property. The Court held that the bankruptcy court could not utilize § 105(a)[5] to contravene the Bankruptcy

---

[5] Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Code, specifically, § 522(k), which provides that the exemption amount is not liable for payment of any administrative expenses. *Id.* at 422. The Court held that bankruptcy courts are not free "to grant or withhold exemptions based on whatever considerations they deem appropriate. . . . The Code's meticulous—not to say mind-numbingly detailed—enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exceptions." *Id.* at 423-24. At the same time, the Court acknowledged that when state exemptions are claimed, "the exemption's scope is determined by state law, which may provide that certain types of debtor misconduct warrant denial of the exemption." *Id.* at 425.

Courts in the Ninth Circuit, including this Panel, have interpreted *Law* as overruling the bankruptcy court's authority to deny an exemption on grounds of bad faith. *See Elliott v. Weil (In re Elliott)*, 523 B.R. 188, 193 (9th Cir. BAP 2014), and *Gray v. Warfield (In re Gray)*, 523 B.R. 170, 175 (9th Cir. BAP 2014). *See also In re Lua*, 529 B.R. 766, 773-74 (Bankr. C.D. Cal. 2015), *rev'd and remanded on other grounds*, 692 F. App'x 851 (9th Cir. 2017). More recent case law has clarified that bankruptcy courts retain the power to deny a state law exemption if that state's law provides an equitable basis for doing so. *See In re Gilman*, 887 F.3d at 966 (vacating and remanding order overruling objection to automatic homestead exemption with instructions to consider whether, under California law, equitable estoppel could apply to preclude the exemption).

In its decision, the bankruptcy court reasoned that "[o]ne aspect of the debtor's burden of proof is to prove that the exemption is claimed in good faith or, in other words, the exemption claimed is within the parameters of the exemption statute." Memorandum and Order at 9. In support, the court cited *In re Gilman*, 608 B.R. 714, 723-24 (Bankr. C.D. Cal. 2019), *aff'd sub nom., Tuxton China, Inc. v. The Oneida Grp. Inc. (In re Gilman)*, No. 2:19-cv-10534-SVW, 2020 WL 7087703 (C.D. Cal. Oct. 28, 2020), *appeal docketed*, No. 20-56279 (9th Cir. Dec. 2, 2020). *Gilman* was a decision issued after remand from the Ninth Circuit Court of Appeals. In its opinion vacating and remanding, the Circuit instructed the bankruptcy court to make findings on whether the debtor intended to continue to reside on the property in which he claimed the California automatic homestead exemption. *In re Gilman*, 887 F.3d at 966. Additionally, as noted above, the Circuit instructed the bankruptcy court that it could consider whether equitable estoppel or other California equitable law could apply to preclude the exemption. *Id.*

On remand, the *Gilman* bankruptcy court found that the debtor intended to reside at the property and was thus entitled to the exemption. 608 B.R. at 721. The court rejected the creditors' equitable theories, including bad faith, as providing a basis for disallowing the exemption. It rejected the bad faith theory because the cases cited by creditors did not involve application of such a theory to disallowance of a homestead exemption, and because the objecting creditors had not pointed to any bad

faith conduct by debtor that was related to his claim of homestead exemption. *In re Gilman*, 608 B.R. at 723-24.

One of the cases cited to the *Gilman* court was *Bertozzi v. Swisher*, 27 Cal. App. 2d 739 (1938). *Bertozzi* involved a debtor who claimed an exemption in a racehorse when the exemption was intended to apply only to work horses. The *Gilman* court noted that although *Bertozzi* mentioned good faith, it was in the context of the requirement that "horses so exempt are intended in good faith to be used as instruments of husbandry or labor . . . ." 608 B.R. at 723 (quoting *Bertozzi*, 27 Cal. App. 2d at 742). The *Gilman* court rejected the notion that *Bertozzi* had any application to the facts before it because "*Bertozzi* says nothing about general, unrelated 'bad faith' conduct preventing a debtor from claiming an exemption to which the debtor would otherwise be entitled." *Id.* at 724.

The bankruptcy court here interpreted *Gilman* and *Bertozzi* as authorizing the denial of an exemption on grounds of lack of good faith by interpreting good faith as requiring the debtor to show that the property sought to be exempted qualifies for the specific exemption. Put another way, the debtor must have a good faith intent to use the property for the exemption's intended purpose. This makes sense in the context of most exemptions. For example, for property to be exempt under the California automatic homestead exemption, the debtor must occupy the property and intend to live there or, if the debtor does not reside in the property, he must intend to return. *In re Diaz*, 547 B.R. at 336. And, as illustrated in *Bertozzi*,

11

for a debtor to exempt a horse under the exemption statutes in effect at the time, the animal must have been intended for use "in husbandry or labor." 27 Cal. App. 2d at 742.

But here, the exemption at issue is the California wild card exemption, which provides that a debtor may exempt his "aggregate interest, not to exceed one thousand five hundred fifty dollars ($1,550) in value, plus any unused amount of the exemption provided under paragraph (1) [the homestead exemption], in **any property**." CCP § 703.140(b)(5) (emphasis added). This exemption may be used to "protect any kind of property whatsoever." *Goswami v. MTC Distrib. (In re Goswami)*, 304 B.R. 386, 390 (9th Cir. BAP 2003) (citation omitted). There is no requirement that the debtor show a good faith intent to do anything specific with the exempt property, i.e., the property need not be dedicated to a particular purpose nor does the statute require that the debtor keep it for his own subsistence. For this reason, the bankruptcy court erred in sustaining Trustee's objection based solely on lack of good faith, i.e., failure of the property to qualify for the exemption.

As noted, Trustee asked the bankruptcy court to disallow the exemption based on equitable estoppel. Under California law,

> [a] valid claim for equitable estoppel requires: (a) a representation or concealment of material facts; (b) made with knowledge, actual or virtual, of the facts; (c) to a party ignorant, actually and permissibly, of the truth; (d) with the intention,

12

actual or virtual, that the ignorant party act on it; and (e) that party was induced to act on it.

*Simmons v. Ghaderi*, 44 Cal. 4th 570, 584 (2008). On appeal, Trustee again argues that the exemption could be disallowed on those grounds. Equitable estoppel is recognized by California courts as a valid basis for disallowance of a claim of exemption. *In re Lua*, 529 B.R. at 775. But, for reasons that are not apparent from the record, the bankruptcy court made no findings on the elements of equitable estoppel. Moreover, application of equitable estoppel is left to the discretion of the bankruptcy court. *See Cuadros v. Super. Ct.*, 6 Cal. App. 4th 671, 675 (1992). Accordingly, we will not make this determination ourselves. Instead, we remand for the bankruptcy court to consider whether Debtor is equitably estopped from claiming an exemption in the proceeds.

## CONCLUSION

The bankruptcy court erred in concluding that it could disallow Debtor's California wild card exemption on the ground that it was claimed for a purpose other than that for which the exemption was intended. We therefore VACATE and REMAND for further proceedings consistent with this disposition.

13